**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-1562**

———————————

In re:  JAMES BAXTON, a/k/a Grown, a/k/a Frank White,

          Petitioner.

———————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of North Carolina, at Charlotte.  (3:17-cr-00134-FDW-SCR-5)

———————————

Submitted:  September 12, 2024                    Decided:  September 16, 2024

———————————

Before THACKER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

James Baxton, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Baxton, a federal prisoner, petitions for a writ of mandamus compelling this court to review its prior decision dismissing his appeal of the district court's denial of 28 U.S.C. § 2255 relief. We conclude that Baxton is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

The relief Baxton seeks is not available by way of mandamus. Baxton improperly seeks to use mandamus to circumvent the statutory limitations on federal collateral review of convictions. *See Jones v. Hendrix*, 599 U.S. 465, 480 (2023) (noting that "[§] 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks"). Additionally, because this court has already determined that reasonable jurists could not debate the district court's rejection of the claims raised in Baxton's § 2255 motion, Baxton does not have a clear right to relief on those claims. *See Murphy-Brown*, 907 F.3d at 795. Accordingly, we deny Baxton's motion for an emergency hearing, and we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2